UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
DORIAN MONTALVO, GILBERTO PAMIAS,
GIOVANNE PAGAN, and LEONARD CRISCI III,

                            Plaintiffs,                    Docket No. 17-cv-06693 (AJN)

         -against-                    **SETTLEMENT AGREEMENT**
                                                    **AND RELEASE**

ARKAR INC., SEWARD 2025 LLC, ARI
HABERBERG and GILI HABERBERG,

                            Defendants.
---------------------------------------------------------------X

       This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiffs DORIAN MANTALVO, GILBERTO PAMIAS, GIOVANNE PAGAN and LEONARD CRISCI III (collectively, "Plaintiffs"), on the one hand, and ARKAR INC., STEWARD 2025 LLC, ARI HABERBERG and GILI HABERBERG (collectively, "Defendants"), on the other hand.

       WHEREAS, Plaintiffs allege that they worked for Defendants as employees; and

       WHEREAS, a dispute has arisen regarding Plaintiffs' alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No. 1:17-cv-06693 (hereinafter "the Litigation"), by Plaintiffs, alleging, among other things, violations by Defendants of federal (FLSA) and state (NYLL) wage and hour laws; and

       WHEREAS, Plaintiffs and Defendants (collectively, the "Parties") desire to resolve all disputes arising out of or attributable to the claims alleged in the Litigation, including claims relating to employment compensation; and

       WHEREAS, the Parties understand and agree that Defendants deny each and every allegation of wrongdoing, including, but not limited to, the allegations and statements contained in Plaintiffs' pleadings in the Litigation, or otherwise relating to the Litigation, and in any other proceeding commenced by, on behalf of, or involving Plaintiffs, and in any other document or statement whatsoever; and

       WHEREAS, the Parties understand and agree that neither the making of this Agreement nor anything contained herein shall be construed or considered in any way to be an admission by Defendants of guilt or noncompliance with any federal, state, municipal, or local statute, order,

regulation or ordinance, public policy, tort law, contract (whether oral or written, express or implied), common law, Defendants' policies, practices, benefit plans, compensation plans or procedures, or of other wrongdoing; and

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

## 1.    **Payment.**

(a)    Defendants shall pay or cause to be paid to Plaintiffs, subject to the terms and conditions of this Agreement, and as full, complete and final settlement and final satisfaction of any and all claims that Plaintiffs asserted in the Litigation against Defendants, including all counsel fees and costs incurred by Plaintiffs, the sum of Ninety-Five Thousand Dollars ($95,000.00) (the "Settlement Amount") as follows:

(i)    A check in the sum of $19,761.23 as and for purported lost wages and benefits, payable to the order of DORIAN MONTALVO, from which estimated deductions will be made for taxes and other withholdings, and for which a W-2 tax form will be issued to him;

(ii)    A check in the net sum of $19,761.23, payable to DORIAN MONTALVO, from which no withholding, deduction or setoff shall be made, and for which an IRS form 1099 may be provided to him;

(iii)    A check in the sum of $5,137.13 as and for purported lost wages and benefits, payable to the order of GILBERTO PAMIAS, from which estimated deductions will be made for taxes and other withholdings, and for which a W-2 tax form will be issued to him;

(iv)    A check in the net sum of $5,137.13, payable to GILBERTO PAMIAS, from which no withholding, deduction or setoff shall be made, and for which an IRS form 1099 may be provided to him;

(v)    A check in the sum of $4,417.91 as and for purported lost wages and benefits, payable to the order of GIOVANNE PAGAN, from which estimated deductions will be made for taxes and other withholdings, and for which a W-2 tax form will be issued to him;

(vi)    A check in the net sum of $4,417.91, payable to GIOVANNE PAGAN, from which no withholding, deduction or setoff shall be made, and for which an IRS form 1099 may be provided to him;

(vii)    A check in the sum of $4,657.65 as and for purported lost wages and benefits, payable to the order of LEONARD CRISCI III, from which estimated deductions will be made for taxes and other withholdings, and for which a W-2 tax form will be issued to him;

2

(viii)    A check in the net sum of $4,657.65, payable to LEONARD CRISCI III, from which no withholding, deduction or setoff shall be, made, and for which an IRS form 1099 may be provided to him; and

(ix)    A check in the sum of $27,052.16 payable to the order of "Rapaport Law Firm, PLLC" without setoff, withholdings and/or deduction, as and for attorneys' fees and expenses.

(b)    The payments set forth above in Paragraph 1(a) shall be delivered to or mailed to the attention of Marc Rapaport, Esq., Rapaport Law Firm, PLLC, One Penn Plaza, Suite 2430, New York, New York 10119, within fifteen (15) days of the latest of: (a) Plaintiffs providing duly executed W-4 Forms; (b) Plaintiffs' counsel providing a duly executed W-9 Form; or (c) the Court's approval of the Agreement.

(c)    In the event that Defendants fail to remit the full Settlement Amount of $95,000.00 within the time period set forth in subparagraph 1(c) above: (i) Plaintiffs may issue a notice of default to Defendants' counsel via overnight mail; due and owing within fourteen (14) days of issuance of the notice of default, the amounts due and owing will increase by 10%, including but not limited to those for attorneys' fees and costs, and (ii) if Defendants fail to deliver the full settlement amount so that it is received, in hand, at Rapaport Law Firm, PLLC within fourteen (14) days after issuance of the notice of default, Plaintiffs shall be entitled to enter judgment in the sum outstanding against Defendants, for which Defendants shall be jointly and severally responsible.  The Court shall retain jurisdiction for the purposes of enforcing this Agreement, including the issuance of the foregoing judgment in the event of a default in payment by Defendants.

## 2.    **Plaintiffs' Commitments.**

(a)    Plaintiffs shall submit all documents reasonably necessary to obtain dismissal of this action with prejudice as against Defendants; however, the Court shall retain jurisdiction pursuant to the terms of this Agreement so that the Court has jurisdiction to enter judgment in the event of the Defendants' failure to comply with Defendants' payment obligations set forth in Paragraph 1 of this Agreement.

(b)    Provided that this Agreement is approved by the Court, except to enforce the terms of this Agreement or as otherwise provided herein, Plaintiffs shall not institute, be represented in, participate in or cause to be submitted or filed on Plaintiffs' behalf any claim related to wages or employment compensation, whether in an individual, class or other action, before any administrative agency, court, or other forum.

## 3.    **Releases by the Plaintiffs and Defendants.**

(a)    Provided that this Agreement is approved by the Court, in consideration of the Settlement Amount, along with payments, benefits, agreements and other consideration being provided by Defendants in the Agreement, Plaintiffs, for themselves and their heirs, executors, administrators, and their respective successors and assigns, hereby release and forever discharge

3

Defendants, any insurers of Defendants, and Defendants' respective parent corporations, stockholders, subsidiaries, affiliates, divisions, successors and assigns, their respective current and former officers, owners, directors, employees, trustees, agents, whether as individuals or in their official capacity, and each of their respective successors and assigns of and from any known claims, suits, debts, obligations, damages, complaints, liabilities, losses, covenants, controversies, and expenses (including attorneys' fees and costs) at law or in equity arising out of or attributable to Plaintiffs' employment compensation and the termination of Plaintiffs' employment, from the beginning of time until the date of the execution of this Agreement, including all claims alleged in the Litigation; unpaid minimum wage or overtime pay or other violation of the Fair Labor Standards Act, 29 U.S.C. section 201 *et seq.*; unpaid minimum wage and overtime pay, or other claims under the New York Labor Law or Part 146 of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law), all as amended.

(c)     Provided that this Agreement is approved by the Court, Plaintiffs understand and agree that they may not reinstate the claims that they have brought in the Litigation or use this Agreement as evidence in, or the subject matter of, any future lawsuit or proceeding against Defendants, except in an action instituted by either party alleging a breach of this Agreement.

(c)     Provided that this Agreement is approved by the Court, Defendants release and discharge Plaintiffs from all compulsory counterclaims, whether actually asserted or not, related to the Litigation.

(d)     The Parties agree that, should any federal, state or local taxes be determined to be owing by any party on the payment of the sums received by Plaintiffs under this paragraph, each party shall be solely and completely responsible for his, her or their taxes, interest or penalties.

## 4.     Status of Settlement if Court Does Not Approve this Agreement.

In the event that the Court does not approve this Agreement, as contemplated by this Agreement, this Agreement shall be null and void *ab initio*. In such case, the Parties shall be returned to their respective statuses as of the date immediately prior to the execution date of this Agreement, and the Parties shall proceed in all respects as though the Agreement had not been executed.

## 5.     No Other Entitlement.

Plaintiffs affirm that they have been paid and have received all compensation, wages, overtime, bonuses, commissions, benefits and other monies to which they were entitled under the FLSA and NYLL and that no other compensation, wages, overtime, bonuses, commissions, benefits or other monies are due with regard to Plaintiffs' claims under the FLSA and NYLL, except the payments expressly set forth in this Agreement. Plaintiffs are unaware of any other claims against the Defendants arising from their employment.

4

6. **No Admission of Wrongdoing.**

Plaintiffs and Defendants agree that neither this Agreement nor the furnishing of the consideration provided for herein shall be deemed or construed at any time or for any purpose as an admission of any liability or unlawful conduct of any kind by Defendants. Similarly, this Agreement shall not be considered an admission by Plaintiffs that their claims lacked merit.

7. **Dismissal of the Litigation.**

Plaintiffs shall file, within seven (7) days of receipt of payment in accordance with Paragraph 1, a stipulation of Dismissal with Prejudice (in the form of Exhibit A, attached hereto, which is incorporated in this Agreement by reference) with the Court in this action.

8. **Modification of Agreement.**

This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiffs and Defendants and approved by the Court.

9. **Counterparts.**

This Agreement may be executed in counterparts, each of which shall be deemed an original and each of which shall together constitute one and the same agreement. A signed fax or .pdf copy shall, for all purposes, be deemed an original and in full force and effect.

10. **Notices.**

*To Plaintiffs:*
Marc A. Rapaport, Esq.
Rapaport Law Firm, PLLC
One Penn Plaza, Suite 2430
New York, NY 10119
Email: mrapaport@rapaportlaw.com

*To Defendants:*
Yale Pollack, Esq.
Law Offices of Yale Pollack, P.C.
66 Split Rock Road
Syosset, New York 11791
Email: ypollack@yalepollacklaw.com

11. **Authority.**

Each person signing this Agreement represents and warrants that he is duly authorized and has legal capacity to execute and deliver this Agreement. Each party represents and warrants to the other that the execution and delivery of the Agreement and the performance of such

party's obligations hereunder have been duly authorized and that the Agreement is a valid and legal agreement binding on such party and enforceable in accordance with its terms.

## 12. **Acknowledgment.**

Plaintiffs acknowledge that they have been fully and fairly represented by counsel in this matter. Defendants acknowledge that they have consulted with counsel for the purpose of this Agreement.

IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below:

Dated: January ___, 2018

By: _____ 1/29/18
DORIAN MONTALVO
Dated:

By: _____
GILBERTO PAMIAS
Dated:

By: _____
GIOVANNE PAGAN
Dated: 1-29-18

By: _____
LEONARD CRISCI III
Dated: 1-29-18

By: _____
ARKAR INC.
Title: Principal
Dated: 2/14/18

By: _____
SEWARD 2025 LLC
Title: Principal
Dated: 2/14/18

6

Case 1:17-cv-06693-AJN Document 24-1 Filed 04/17/18 Page 7 of 10

By: _____
ARI HABERBERG
Dated:   2/14/18

By: _____
GILI HABERBERG
Dated:   2/14/18

7

Case 1:17-cv-06695-AJN Document 24-1 Filed 02/21/18 Page 8 of 10

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DORIAN MONTALVO, GILBERTO PAMIAS,
GIOVANNE PAGAN, and LEONARD CRISCI III,

                            Plaintiffs,                 Docket No. 17-cv-06693 (AJN)

                 -against-                 **STIPULATION OF DISMISSAL**

ARKAR INC., SEWARD 2025 LLC, ARI
HABERBERG and GILI HABERBERG,

                            Defendants.
-----------------------------------------------------------------X

      **IT IS HEREBY STIPULATED AND AGREED**, by and between the Parties in the

above captioned action through their undersigned counsel that, in accordance with Rule

41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, the Complaint in the above-captioned

action and all claims alleged therein be dismissed with prejudice, with each party to bear their

own fees and costs except as provided for in the Settlement Agreement; and

      **IT IS FURTHER STIPULATED AND AGREED THAT** Plaintiffs are precluded from

bringing any further claims under the Fair Labor Standards Act, the New York Labor Law, or

any federal, state or local law, for unpaid wages, including overtime pay, for the period set forth

in Plaintiffs' Complaint. This Court shall retain jurisdiction to enforce the Parties' Settlement

and Release Agreement.

      **IT IS FURTHER STIPULATED AND AGREED** that this Stipulation may be

executed in counterparts with scanned PDF or facsimile signatures treated as originals.

1

Law Offices of Yale Pollack, P.C.         Rapaport Law Firm, PLLC
*Attorneys for Defendants*                *Attorneys for Plaintiffs*


By:     Yale Pollack, Esq.                By:     Marc Rapaport, Esq.
        66 Split Rock Road                        One Penn Plaza, Suite 2430
        Syosset, New York 11791                   New York, New York 10119
        Tel: (516) 634-6340                       Tel: (212) 382-1600

        Dated: __February 14__, 2018             Dated _____, 2018



SO-ORDERED:

_____
Hon. Allison J. Nathan, U.S.D.J.

Dated: New York, New York

_____, 2018



2