UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: MAY 10 2018

Dorian Montalvo, et al.,

        Plaintiffs,

—v—

ARKAR Inc., et al.,

        Defendants.

17-CV-6693 (AJN)

MEMORANDUM
OPINION AND ORDER

ALISON J. NATHAN, District Judge:

On September 1, 2017, Plaintiffs filed a complaint in the Southern District of New York alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"), Art. 19 §§ 190 and 650 *et seq. See* Dkt. No. 1. Plaintiffs alleged that they were not paid for overtime hours even though they worked more than 40 hours per week, that Defendants unlawfully deducted wages, and that Defendants committed wage statement violations by failing to provide Plaintiffs with written notices of the required pay information. *See* Dkt. No. 1.

On January 23, 2018, the parties informed the Court that they had reached a settlement. *See* Dkt. No. 22. On February 21, 2018, the parties submitted a fully executed settlement for the Court's approval, *see* Dkt. No. 24, Ex. 1, along with a joint letter explaining their views on the fairness of the settlement, *see* Dkt. No. 24. The settlement agreement provides for a total settlement amount of $95,000, including attorneys' fees and costs. According to the settlement agreement, each plaintiff would receive $5,000 plus a percentage of the remaining amount after attorneys' fees and costs, apportioned according to the value of each plaintiff's claim. Plaintiffs' counsel is seeking attorneys' fees in the amount of 28% ($26,424.16) of the settlement, after

1

reimbursement of $628 in costs. For the following reasons, the Court approves the settlement, fees, and cost reimbursement request.

I.  **Legal Standard**

In order to serve the FLSA's purpose of ensuring "a fair day's pay for a fair day's work," settlements in FLSA cases must be approved by a court or by the Department of Labor. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (quoting *A.H. Phillips, Inc. v. Walling*, 324 U.S. 490, 493 (1945)). As a result of this requirement, the Plaintiff's claims in this case cannot be dismissed with prejudice until the Court determines that the settlement is "fair and reasonable." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). A "fair and reasonable" settlement is one that "reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Mamani v. Licetti*, No. 13-CV-7002 (KMW) (JCF), 2014 WL 2971050, at *1 (S.D.N.Y. July 2, 2014) (internal quotation marks omitted).

II.  **Discussion**

In the joint letter, the parties persuasively argue that the settlement is fair and reasonable, as both a substantive and procedural matter. Plaintiffs calculated the overtime payments they are owed at $118,000 total, not including liquidated damages, and they calculated wage statement violations at $5,000 per Plaintiff. *See* Dkt. No. 24 at 3. The total settlement amount is $95,000. *See* Dkt. No. 24 at 5. Pursuant to the settlement agreement, each of the four Plaintiffs receives $5,000, plus a percentage of the remaining settlement amount after attorneys' fees and costs based on the value of his unpaid wage claim. Dkt. No. 24 at 5. That percentage was calculated based on the relative length of each Plaintiff's time of employment with Defendants, their respective overtime rates, and the estimated number of unpaid overtime hours that they worked,

2

and that percentage was then slightly adjusted based on the availability of evidence to prove each Plaintiff's claims. Dkt. No. 24 at 5. Although Plaintiffs' award from the settlement is less than the amount that believe they are owed, Plaintiffs "understand that the alleged overtime hours worked are in dispute and will require extensive litigation to prove, with unpredictable results." Dkt. No. 24 at 6. By settling, Plaintiffs avoid significant risks associated with a trial. For example, Plaintiffs and Defendants disagree about the number of hours that Plaintiffs actually worked each day, and Defendants contend that Plaintiff Montalvo is not even entitled to overtime pay. See Dkt. No. 24 at 3. Procedurally, the parties negotiated at arm's length over several months. See Dkt. No. 24 at 5. The Court approves the settlement amount.

The Court also approves counsel's request for attorneys' fees and costs. The Court agrees with other judges in this district that, when assessing the reasonableness of an attorney's fee on the basis of its percentage of the settlement, it is fairer to look to the percentage of the settlement net of costs. *Zhang v. Lin Kumo Japanese Rest., Inc.*, No. 13 Civ. 6667 (PAE), 2015 WL 5122530, at *1 & n.1 (S.D.N.Y. Aug. 31, 2015). Here, Plaintiffs' counsel is seeking a contingent fee of 28%, or $26,424.16, of the settlement, net of costs. Courts routinely award 33.3% of a settlement fund as a reasonable fee in FLSA cases. *See Zhang*, 2015 WL 5122530, at *4 (collecting cases). A rate of 28% is also lower than the 33.33% contingency fee provided in the retainer agreements between Plaintiffs and their counsel. *See* Dkt. No. 24 at 6. Given that the parties were able to reach an early settlement, Plaintiffs' counsel discounted the fee from 33.33% to 28%. *See* Dkt. No. 24 at 6-7.

Using the lodestar as a "cross check" further demonstrates the reasonableness of this amount. The lodestar in this case (not including costs and disbursements) is $16,052.50, *see* Dkt. No. 24, Exs. 3 & 4, reflecting a billing rate of $400/hr for Meredith R. Miller, of Miller Law,

PLLC and of counsel to Rapaport Law Firm PLLC; $400/hr for Marc Rapaport, the managing member of Rapaport Law Firm PLLC; and $100/hr for Ana Alcantra, a paralegal at Rapaport Law Firm PLLC, *see* Dkt. No. 24 at 7-8; Dkt. No. 24, Exs. 3 & 4. These rates are reasonable for this district, *see Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 514-15 (S.D.N.Y. 2011) (collecting cases on reasonable hourly rates), and the resulting multiplier of approximately 1.65 is below amounts regularly approved, *see DeMunecas v. Bold Food, LLC*, No. 09 Civ. 00440 (DAB), 2010 WL 3322580, at *10 (S.D.N.Y. Aug. 23, 2010) ("Courts regularly award lodestar multipliers from 2 to 6 times lodestar."); *see also Sakiko Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014) ("[A] multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases.").

Plaintiffs' counsel also requests costs in the amount of $628. *See* Dkt. No. 24 at 6. Based on the Court's calculation, the total amount of costs is $680 (the sum of $589.90, the costs expended by Rapaport Law Firm PLLC, *see* Dkt. No. 24, Ex. 3, and $90.10, the costs expended by Miller Law, PLLC, *see* Dkt. No. 24, Ex. 4). The Court thus approves the requested $628 reimbursement for costs as a reasonable amount.

III. **Conclusion**

In sum, the Court approves the settlement and the request for fees and costs in full. The Clerk of the Court is ordered to close the case.

SO ORDERED.

Dated: May \_\_4\_\_, 2018
New York, New York

ALISON J. NATHAN
United States District Judge

4